**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT L. GARY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-668** |
| | : | |
| **ANDREW SAUL,** | : | |
| **UNITED STATES SOCIAL SECURITY** | : | |
| **COMMISSION** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                         **APRIL 7, 2021**

Plaintiff Robert R. Gary filed this civil action claiming that his rights were violated in connection with the Social Security Administration's ("SSA") handling of his application for Social Security disability benefits.  (ECF No. 8 at 3.)[1]  Gary has also sought leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant the application to proceed *in forma pauperis* and dismiss Gary's Amended Complaint[2] in its entirety without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Gary will be granted leave to file a second amended complaint.

**I.      FACTUAL ALLEGATIONS[3]**

The Court understands Gary to allege that his rights were violated during the administrative review process of his application for Social Security disability benefits.  Gary

---

[1] The Court adopts the pagination assigned to Gary's submissions by the CM/ECF docketing system.

[2] Gary filed a letter on February 9, 2021, requesting additional time to file a Complaint.  (*See* ECF No. 1.)  This letter request was docketed as a Complaint.  (*Id.*)  He then filed an Amended Complaint on March 29, 2021.  (*See* ECF No. 8.)

[3] The following allegations are taken from Gary's Amended Complaint.

named as Defendant Andrew M. Saul, Commissioner of Social Security.  In the Amended

Complaint, Gary alleges that he "was not afforded a full and fair hearing or not given all of the

process due him before the unlawful denial of Social Security benefits."  (ECF No. 8 at 3.)  In

support of this allegation, Gary asserts that non-defendants "Joel Silver and Judge Patricia Price

conspired and or failed to follow proper process when holding a hearing that failed to provide

any witnesses or documents" that Gary submitted "to the court" prior to the hearing.  (*Id.*)  Gary

further states that he was "deprived of the allowance to present any evidence of my Doctors

Huffman etc."  (*Id.*)

Gary contends that he was discriminated against on the basis of his race and that his

property rights, and right "to make and enforce contracts," were violated.  (*Id.* at 4.)  He seeks

injunctive relief "so . . . his benefits [of] $98,000 may be awarded dating back to June 4, 2007

when . . . [he] was labeled disable[d]."  (*Id.* at 4.)  He also requests monetary relief in the amount

of $1 million.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Gary leave to proceed *in forma pauperis* because it appears that he

is incapable of paying the fees to commence this civil action.  Accordingly, Gary's Complaint is

subject to 28 U.S.C. § 1915(e)(2)(B)(ii).  Whether a complaint fails to state a claim under §

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*

Because Gary is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Gary asserts that the Commissioner violated his rights under 42 U.S.C. §§ 1981 and 1982, as well as the Thirteenth Amendment to the United States Constitution.  Specifically, he alleges he suffered "the unlawful discrimination of an African American while acting under the color of state law that has taking his property that being his Thirteenth Amendment and of his right to make and enforce contracts also under the U.S. Constitution 13th Amendment."  (*See* ECF No. 8 at 4.)

### A.   Section 1981 and 1982 Claims

To the extent that Gary invokes §§ 1981 and 1982 as the basis for his claim, he has failed to state a plausible claim under either statute.  Section 1981 prohibits race discrimination in the making and enforcement of contracts and property transactions.  *See* 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.").  Section 1982 prohibits racial discrimination in transactions relating to real and personal property.  *See* 42 U.S.C. § 1982 ("All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.").  These Reconstruction-era statutes were enacted to effectuate the aims of the Thirteenth and Fourteenth Amendments to the Constitution.  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796-97

(3d Cir. 2001) (noting that the legislative history of § 1981, derived from the Civil Rights Act of 1866 and from the reenactment of Section 1 of the 1866 Act in 1870, makes clear Congress's intent to enact "sweeping legislation implementing the [T]hirteenth [A]mendment to abolish all the remaining badges and vestiges of the slavery system") (quoting *Mahone v. Waddle*, 564 F.2d 1018, 1030 (3d Cir. 1977)).

To state a claim under § 1981, a plaintiff "must allege facts in support of the following elements:  (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . . ." *Brown*, 250 F.3d at 797 (alterations in original) (quoting *Yelverton v. Lehman*, No. Civ. A. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd. mem.*, 175 F.3d 1012 (3d Cir. 1999)). Additionally, "[t]o establish a cognizable claim under § 1982, a plaintiff 'must allege with specificity facts sufficient to show . . . (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his [property] rights because of race.'" *Crane v. Cumberland Cty., Pa.*, 64 F. App'x 838, 841 (3d Cir. 2003) (alterations in original) (quoting *Brown*, 250 F.3d 789, 797 (3d Cir. 2001)).

Gary does not allege that the Defendant committed any intentional act to discriminate against him based on his race during the administrative review process of his claim for disability benefits.  Gary alleges that as an African American he suffered unlawful discrimination, (*see* ECF No. 8 at 4), but he does not explain what facts or circumstances support his conclusion. Rather, Gary relies on conclusory allegations of generalized racial bias, which are insufficient to satisfy the elements of a claim under either § 1981 or § 1982.  See *Spence v. Caputo*, Civ. A. No. 12-1077, 2015 WL 630294, at *27 (W.D. Pa. Feb. 12, 2015) (dismissing § 1981 and § 1982

claims because plaintiff's claims were mere speculation and did not allege which of the

enumerated rights under these sections were allegedly violated, which defendants were involved,

the dates that any violations occurred, nor were facts alleged to show that any deprivation of the

enumerated rights was racially motivated).  *See also Davis v. Samuels*, 962 F.3d 105, 115-16 (3d

Cir. 2020) (affirming dismissal on the merits of plaintiff's § 1981 claim against federal

defendants for failure to state a plausible claim of race discrimination).

Additionally, while § 1981 prohibits racial discrimination in the making and enforcement

of contracts and property transactions, and § 1982 prohibits racial discrimination in transactions

relating to real and personal property, *see Brown*, 250 F.3d at 797, Gary has not set forth any

facts alleging that the Commissioner has deprived him of his real or personal property rights, or

contract rights, because of his race.  Rather, Gary's claims appear to be based on the denial of his

application for Social Security disability benefits and the process followed by SSA in connection

with his application.  As noted above, Gary contends that his rights were violated when evidence

he wanted to submit prior to the hearing was not properly considered during the hearing.  (*See*

ECF No. 8 at 3.)  Gary, therefore, has failed to state a plausible claim under either § 1981 or §

1982.  *See Johnson v. Pers.*, 781 F. App'x 69, 73 (3d Cir. 2019) (affirming dismissal of claims

brought pursuant to §§ 1981 and 1982 for failure to state a claim because there were no contract

or property rights involved in the alleged deprivation of rights).

    **B.**    **Bivens Claims**

Liberally construing the Amended Complaint, it is possible that Gary intended to bring a

due process claim against the Commissioner pursuant to *Bivens v. Six Unknown Named Agents*

*of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized a cause of action for

damages for certain constitutional violations committed by federal actors.  However, the

Supreme Court has rejected the extension of *Bivens* to due process violations brought under the Fifth Amendment in connection with the denial of Social Security benefits.  *See Schweiker v. Chilicky,* 487 U.S. 412, 414 (1988) (concluding that a *Bivens* "remedy [for improper denial of Social Security disability benefits], not having been included in the elaborate remedial scheme devised by Congress, is unavailable").  Nor is there any basis for extending *Bivens* to recognize a remedy for other constitutional violations that may be alleged here in light of the availability of review under 42 U.S.C. § 405(g).  *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity"); *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action"); *see also Davis*, 962 F.3d at 112 (noting "'that it is doubtful' that the outcome of *Bivens* would be the same if it were decided today, and that 'for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under Bivens'") (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020), alterations in original).

    **C.**    **Social Security Review**

       Gary's Amended Complaint is best construed as a request for review of SSA's determination that he is not entitled to disability benefits.  Nevertheless, it is unclear from the Amended Complaint whether Gary's claim is properly before the Court.  District Courts have jurisdiction to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g).  *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (citing 42 U.S.C. § 405(g); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).  *See also English v. Soc. Sec. Admin.*, 705 F. App'x 116, 116 (3d Cir. 2017) (per curiam) ("Federal-court jurisdiction over Social Security benefits cases is provided by 42 U.S.C. § 405(g).").  While Gary appears to allege that an

administrative hearing was conducted on his disability benefits claim, it is not clear from Gary's Amended Complaint that he obtained a final decision from the Commissioner, which this Court would then have jurisdiction to review.  *See Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) ("Ordinarily, judicial review is barred absent a 'final decision' by the Commissioner of Social Security.") (citation omitted).

Because it is unclear that Gary has exhausted his administrative remedies, thereby vesting this Court with jurisdiction, his Amended Complaint will be dismissed.  If Gary had a hearing before an administrative law judge and obtained a final decision of the Commissioner of Social Security, Gary can seek redress pursuant to § 405(g) if he is not satisfied with the results of the final decision.  Thus, Gary will be given an opportunity to file a second amended complaint, addressing the issue of exhaustion and seeking review of the Commissioner's final decision, if appropriate.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Gary leave to proceed *in forma pauperis* and will dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Gary's claims are dismissed without prejudice to Gary's right to file a second amended complaint against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) in the event he has received a final decision on his claim for benefits.

An appropriate Order follows.

BY THE COURT:


/s/ John R. Padova
JOHN R. PADOVA, J.